DORA JOHNSON, as Administratrix of the Estate of CHARLES JOHNSON, Deceased, Respondent, v. THE CITY OF NEW YORK, Appellant.

*Johnson* v. *City of New York*, 165 App. Div. 697, affirmed.
(Argued April 26, 1916; decided June 13, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 15, 1915, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer. The intestate was, and for some years had been, employed by the city in its bridge department as a painter and rigger. At the time of the accident, in the course of his duty, he was upon one of a pair of spars suspended by a block and fall under the

structure of the Brooklyn bridge over Main street. These spars constituted the framework of a scaffold which had been completed by laying loose boards across the spars to make a footing for the painters. The work of applying the paint to that particular portion of the bridge structure was finished, all the planks except one had been removed and plaintiff was seated astraddle of the spar using the one plank left to steady himself while he removed certain center lines, called belly lines. The fastening of the supporting rope attaching one end of the spar upon which the intestate was seated to the hook in the block was defective and gave way and the spar fell at that end, precipitating the intestate to the pavement of the street and causing injuries from which he died.

The principal questions are: (a) Whether the spars, block and fall, and plank which the intestate was using as a support at defendant's instance while he untied the the belly lines, constituted a scaffold ("or other mechanical contrivance") within the meaning of section 18 of the Labor Law; and (b) whether this work of untying the belly lines preparatory to lowering and removing the spars constituted "labor * * ` * of any kind in the * * * painting" of the bridge structure within the meaning of the same provision.

*Lamar Hardy*, Corporation Counsel (*Edward A. Freshman* and *Thomas F. Magner* of counsel), for appellant.

*Martin T. Manton* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, CHASE, HOGAN, CARDOZO and SEABURY, JJ. Dissenting: WILLARD BARTLETT, Ch. J., and COLLIN, J.